UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21202-JLK

MAURA JEFFERS,

    Plaintiff,

v.

KERZNER INTERNATIONAL HOTELS
LIMITED, a Bahamian company;
KERZNER INTERNATIONAL BAHAMAS
LIMITED, a Bahamian company;
KERZNER INTERNATIONAL RESORTS, INC.,
a Florida corporation;
HARBORSIDE AT ATLANTIS DEVELOPMENT
LIMITED, a Bahamian company;
HARBORSIDE AT ATLANTIS MANAGEMENT
LIMITED, a Bahamian company;
HARBORSIDE RESORT VACATION OWNERSHIP
ASSOCIATION LIMITED, a Bahamian company;
BROOKFIELD ASSET MANAGEMENT, INC., a
Canadian corporation;
BROOKFIELD HOSPITALITY
PROPERTIES, LLC, a Delaware company;
STARWOOD HOTELS & RESORTS
WORLDWIDE, INC., a Maryland corporation;
VISTANA SIGNATURE EXPERIENCES, INC.,
a Delaware corporation; and
VISTANA VACATION OWNERSHIP, INC., a
Florida corporation.

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Harborside at Atlantis Development Limited, Harborside at Atlantis Management Limited, Harborside Resort Vacation Ownership Association Limited, Starwood Hotels & Resorts Worldwide, Inc., Vistana Signature Experiences, Inc., and Vistana Vacation Ownership, Inc.'s (collectively, "H, S & T Defendants")

Motion to Dismiss (D.E. 16) and Kerzner International Hotels Limited, Kerzner International Bahamas Limited, Kerzner International Resorts, Inc., Brookfield Asset Management, Inc., and Brookfield Hospitality Properties, LLC's (collectively, "K & B Defendants") Motion to Dismiss (D.E. 23). Plaintiff filed her Response in Opposition to both Motions to Dismiss (D.E. 35). The H, S & T Defendants filed their Reply (D.E. 36). The K & B Defendants also filed their Reply (D.E. 37).[1] Plaintiff obtained leave from the Court and filed her Surreply to the K & B Defendants' Reply (D.E. 40).

I. **Background**

Plaintiff filed her Amended Complaint on April 3, 2017, purporting to allege a cause of action for negligence. Therein, Plaintiff alleges that she was staying at The Harborside at Atlantis Resort on Paradise Island, Nassau, The Bahamas on May 21, 2013. At approximately 11:35 p.m., Plaintiff slipped and fell on the bathroom floor of her guestroom.

The two Motions to Dismiss make three identical arguments: (1) *forum non conveniens*; (2) failure to file within the statute of limitation; and (3) failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The H, S & T Defendants also argue failure to properly plead punitive damages.

II. **Legal Standard**

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in

---

[1] Additionally, the K & B Defendants filed a Notice of Supplemental Authority (D.E. 42).

the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court may also consult documents that are attached to the motion to dismiss under the "incorporation by reference" doctrine. The Eleventh Circuit has defined the incorporation by reference doctrine to mean:

> [A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. . . . "Undisputed" in this context means that the authenticity of the document is not challenged.

*Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

## III. Discussion

Arguing that Bahamian law applies, Defendants contend that Plaintiff's claim is time-barred.

### a. Choice of Law

A federal district court sitting in diversity must apply the choice of law rules of the forum state. *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115 (11th Cir. 1996). As a preliminary matter, the Court determines whether the issue sounds in tort, contracts, property law, etc. *Grupo Televisa, S.A. v. Telemundo Communs. Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). "In the context of tort actions, Florida resolves conflict-of-laws questions according to the 'most significant relationship' test." *Id.* The test involves consideration of four relevant factors: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if

3

any, between the parties is centered. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).

Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law. *See Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980). "[T]he place of injury is of particular importance in the case of personal injuries and of injuries to tangible things." Restatement (Second) of Conflict of Laws § 145 cmnt. f. In this case, as Plaintiff slipped and fell in The Bahamas and presents a cause of action for negligence, this factor weighs in favor of applying the law of The Bahamas.

The second factor also favors The Bahamas. Plaintiff's argument that significant aspects of Defendants' negligent conduct occurred in Florida because its business operations are located there is unpersuasive. Because Plaintiff alleges that Defendants failed to properly maintain its premises, resulting in her injury in The Bahamas, the place where the conduct causing the injury is necessarily in The Bahamas.

With respect to the third factor, Florida has a slight relationship to the parties and the conduct alleged in this case. Only two out of eleven Defendants are incorporated in Florida. Notwithstanding the place of incorporation or administrative location of the Defendants, it is notable that each Defendant's business operated, in significant part, in The Bahamas.

The fourth and final factor favors application of Bahamian law. Plaintiff argues that the relationship between the parties is centered in Florida by virtue of the fact that Defendants' business operations are based in Florida. This is, again, unpersuasive given the fact that Plaintiff's relationship to the Defendants stems from her slip and fall during her stay at The Harborside at Atlantis Resort.

4

After considering whether Florida or The Bahamas has the most significant relationship to the parties and the conduct alleged in this case, the Court finds that the scales are tipped in favor of The Bahamas. Plaintiff's claim for negligence is governed by the law of The Bahamas.

### b. Statute of Limitations

In the Eleventh Circuit, dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta*, 358 F.3d at 845 (internal citations omitted). Section 95.10, Florida Statutes, provides that "[w]hen the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state." § 95.10, Fla. Stat. In The Bahamas, the statute of limitations for negligence actions is three years from the date of the accident. *See* Chapter 83 (Limitation) of the Statute Law of The Bahamas, Part II at ¶ 9.

Plaintiff alleges that she was injured on May 21, 2013. Under Bahamian law, Plaintiff had until May 21, 2016 to institute her claim. Plaintiff filed her Complaint on March 31, 2017. Accordingly, the Court finds that the statute of limitations has expired and case is time-barred.

## IV. Conclusion

It is **ORDERED, ADJUDGED, and DECREED** as follows:

1. Harborside at Atlantis Development Limited, Harborside at Atlantis Management Limited, Harborside Resort Vacation Ownership Association Limited, Starwood Hotels & Resorts Worldwide, Inc., Vistana Signature Experiences, Inc., and Vistana Vacation Ownership, Inc.'s Motion to Dismiss **(D.E. 16)** be, and the same is hereby, **GRANTED**;

2. Kerzner International Hotels Limited, Kerzner International Bahamas Limited, Kerzner International Resorts, Inc., Brookfield Asset Management, Inc., and Brookfield Hospitality Properties, LLC's Motion to Dismiss **(D.E. 23)** be, and the same is hereby, **GRANTED**;

3. Plaintiff's Amended Complaint **(D.E. 5)** be, and the same is hereby, **DISMISSED with prejudice**;

4. All pending motions are **DENIED as moot**; and

5. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, on this 23rd day of July, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: **All counsel of record**